DICKINSON, Presiding Justice,
concurring in part and in result:
¶ 24. As stated by the majority, Carolyn Stone testified “that between 2002 and 2005, Ted Stone had slapped her; hit her in the face with a flyswatter; held a baseball bat over her head while she was in bed while threatening to ‘beat [her] to a pulp’ and kill her; and threatened to stalk, kill, and beat her with a hammer.” The trial judge held these prior bad acts were admissible
for motive, for opportunity, for his intent, his preparation, his plan and what he was going to do, and knowledge, he’s the one that did it for the purpose of his identity and certainly absence of mistake or accident on his part.
¶25. The problem here, as Justice Chandler points out in his dissent, is that Ted’s prior bad acts were obviously not admissible for all these purposes. For instance, I find irrational the argument that Ted’s “motive” for hitting Carolyn with the cane in 2010 was that he had hit her eight years before. While proof that Carolyn had hit Ted on a prior occasion might have provided Ted with a motive, I cannot imagine the prosecutor attempting to persuade the jury that his reason for wanting to hit Carolyn with the cane was that he had hit her before.
¶ 26. Lawyers frequently attempt to persuade judges to admit character evidence by saying something similar to the following: “Judge, we’re offering this under 404(b) for motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake.” Unfortunately, many judges are persuaded by this improper argument without first requiring the proffering lawyer to identify and explain the alternative purpose of the evidence. As stated in an excellent law school evidence text:
Contrary to actual practice, by some attorneys and judges, [the Rule 404(b) ] list [of potential alternative purposes] is not a mantra, the formulaic chanting of which magically opens the door to the introduction of otherwise inadmissible character evidence at trial.[9]
¶ 27. That clearly is exactly what happened here. The prosecutor chanted the mantra, the door magically opened, and the trial judge admitted the improper character evidence.
¶ 28. What should have been done here is not complicated. Each noncharacter purpose listed in Rule 404(b) “has a particular set of proof requirements that must be met before evidence can be introduced under that category.”[10] The importance of requiring the lawyer who offers impermissible character evidence to demonstrate a legitimate noncharacter purpose is substantial.
If Rule 404(b) is used as a pretext for the introduction and misuse of character evidence at trial, the potential prejudice to the accused is substantial. The jury could decide the ease based on propensity evidence, short-circuiting the burden of proof and effectively holding the accused liable for all his past misdeeds. The constraints posed by Rule 404(a) and Rule 405 could, moreover, prevent the accused from mounting an effective defense by first requiring him to identify a pertinent character trait to defend and *1088 then limiting him to proof by reputation or opinion testimony.[11]
¶29. While I believe the trial judge committed error in failing to require the prosecutor to identify and explain the particular noncharacter purpose of the evidence before admitting the evidence of Ted’s prior bad acts, the evidence of Stone’s guilt was overwhelming, so the error was harmless. I therefore join the majority’s result, but not its reasoning.
LAMAR AND CHANDLER, JJ., JOIN THIS OPINION IN PART.

. Christopher W. Behan, Evidence and the Advocate: A Conceptual Approach to Learning Evidence 173 (2012).

. Id.

. Id.